Thomas Henry RHODES,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent-Appellee.

No. 78–1329
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1978.

William A. Jackson, Houston, Tex. (Court-appointed), for petitioner-appellant.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

John L. Hill, Atty. Gen., David M. Kendall, Jr., Joe B. Dibrell, Jr., J. E. Seymour, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

COLEMAN, Circuit Judge:

This appeal is taken from the District Court's denial of habeas corpus relief to a Texas state prisoner. We affirm.[1]

Appellant Rhodes was tried and convicted on July 18, 1968, by a Texas state jury for the offense of assault with intent to murder with malice. He was sentenced to life imprisonment under the Texas Habitual Offender Statute, Vernon's Ann. Texas Penal Code, Art. 63 (repealed January 1, 1974), now V.T.C.A., Penal Code § 12.42(d). Two prior felony convictions on burglary charges, one in 1956 and the other in 1962, were used to enhance his sentence under this statute. The Texas Court of Criminal Appeals affirmed his conviction on January 14, 1970, *Rhodes v. State*, Tex.Cr.App., 1970, 450 S.W.2d 329, *cert. denied*, 400 U.S. 927, 91 S.Ct. 190, 27 L.Ed.2d 187 (1970).

On November 1, 1976, appellant filed an application for a writ of habeas corpus in the state convicting court, which subsequently entered an order recommending that habeas corpus relief be denied. The Texas Court of Criminal Appeals denied appellant's application without written order on November 7, 1976.

On November 30, 1977, the district court denied habeas relief and thereafter granted his application for a certificate of probable cause.

Represented by appointed counsel, appellant pleaded guilty to burglary charges in 1956 and again in 1962; he appealed neither conviction, not did he seek state or federal habeas corpus relief from either conviction.

In the 1962 conviction part of appellant's plea bargain was the dropping of an enhancement count against him. Thus, it is evident that he was aware that prior convictions could be used to enhance. Until 1968, appellant raised no challenge in any court to the validity of the 1956 and 1962 convictions. At that time he raised the contention, which is now his most substantial argument in this appeal, that the 1956 and 1962 convictions were constitutionally infirm because they were obtained on pleas of guilty made without effective assistance of counsel.

It is well settled that the petitioner in a habeas corpus proceeding has the burden of proof. *Swain v. Alabama*, 380 U.S. 202, 226–227, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Webster v. Estelle*, 5 Cir. 1974, 505 F.2d 926, 928; *Williams v. Estelle*, 5 Cir. 1974, 500 F.2d 206. This Court has also said "allegations of ineffective representation will be sustained only if they are firmly grounded." *Howard v. Beto*, 5 Cir. 1972, 466 F.2d 1356, 1357; see also, *O'Neal v. Smith*, 5 Cir. 1970, 431 F.2d 646, 647. When a defendant indicates a desire to enter a guilty plea the only required duty of counsel is to ascertain whether the plea is voluntarily and knowingly made. *Lamb v. Beto*, 5 Cir. 1970, 423 F.2d 85, 87, *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84. In order to substantiate his challenge to the effectiveness of his counsel appellant "must do more than make conclusional assertions." *Woodard v. Beto*, 5 Cir. 1971, 447 F.2d 103, 104; see also, *Packnett v. United States*, 5 Cir. 1970, 435 F.2d 693. In this case, however, appellant Rhodes can offer little more than his uncorroborated testimony as to the actions of his attorneys. By 1968 the records of both plea proceedings were unavailable; both the judge and the appellant's attorney in the 1956 proceeding were deceased; the attorney who represented him in 1962 could not recall the circumstances surrounding that guilty plea.

1. We do not decide this case under the provisions of Rule 9(a) of the Rules Governing § 2254 Cases in the United States District Courts, because by the very terms of the statute it does not apply to petitions filed prior to February 1, 1977.

■ The Texas courts and the district court allowed evidentiary hearings on this matter in order to extend to appellant the fullest opportunity to validate his claims. Both courts found that appellant's assertions of ineffective counsel in connection with his guilty pleas were not supported by the record. The district court repeatedly stressed the difficulty of proof at this late date concerning matters which occurred fifteen to twenty-five years ago, making any meaningful response to appellant's allegations impossible. The appellant had the burden and he was unable to shoulder it.

The other issues raised are also without merit.

The denial of writ of habeas corpus is AFFIRMED.