**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry De William JACKSON, Jr., Defendant-Appellant.**

No. 81–7168
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Oct. 15, 1981.

N. P. Callahan, Jr., Birmingham, Ala. (Court-appointed), for defendant-appellant.

Holly L. Wiseman, G. Douglas Jones, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant Henry De William Jackson, Jr. pleaded guilty to a charge of air piracy in United States District Court, Northern District of Alabama. The plea was in connection with the 1972 hijacking, by appellant and two confederates, of a domestic Southern Airways' jet. During the incident, the hijackers commanded the jet to more than 10 cities and two foreign countries and eventually ordered landing in Cuba but only after wounding the jet's co-pilot and extracting $2 million in ransom money.

█ Appellant was incarcerated in Cuba from 1972 until 1980, when he was returned to the United States. He complains on this direct appeal that the United States did not, with sufficient vigor, negotiate for his extradition. We do not reach

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

this issue, for it is clear under our authorities that appellant, through his voluntary guilty plea, has waived his objection on this ground. "The issue of the right to a speedy trial is non-jurisdictional in nature .... A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *United States v. Saldana*, 505 F.2d 628, 629 (5th Cir. 1974) (summary calendar) (citations omitted). *See also United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. 1981) (summary calendar). Furthermore, it is clear from the record that appellant's guilty plea was unconditional.

AFFIRMED.