**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patrick ELLSWORTH, Russell Scott Roloff, Defendants-Appellants.**

No. 86–5148.

United States Court of Appeals, Eleventh Circuit.

April 13, 1987.

Jack Goldberger, West Palm Beach, Fla., (Court-appointed), for Ellsworth.

Leon B. Kellner, U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant, Patrick Ellsworth, is a criminal defendant currently serving a sentence rendered against him in the United States District Court for the Southern District of Florida. An appeal of appellant's conviction is currently pending before this court. Because of cooperation with the Federal Government subsequent to his conviction, appellant seeks a reduction of sentence pursuant to Fed.R.Crim.P. 35(b). On February 26, 1987, appellant filed a motion in the Eleventh Circuit Court of Appeals requesting that this court relinquish jurisdiction to the district court.

Motions for the reduction of sentences are addressed to the sound discretion of the district court. *See United States v. Bethany*, 489 F.2d 91, 93 (5th Cir.1974)[1]; *United States v. Sanders*, 438 F.2d 344, 344 (5th Cir.1971). This court is without jurisdiction to entertain a motion which must be directed to the district court. *See United States v. Cronic*, 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984); *United States v. Bascaro*, 742 F.2d 1335, 1344 (11th Cir.1984); *United States v. Fuentes-Lozano*, 580 F.2d 724, 725 (5th Cir.1978). The proper procedure after an appeal is taken is for a motion to be filed with the district court; the district court may either deny the motion on its merits or certify that the motion should be granted in order to afford the appellate court jurisdiction to entertain a motion to remand. *See Cronic*, 466 U.S. at 667 n. 42, 104 S.Ct. at 2051 n. 42; *Bascaro*, 742 F.2d at 1344; *United States v. Reeh*, 725 F.2d 633, 633 (11th Cir.1984); *Fuentes-Lozano*, 580 F.2d at 725–26. Appellant has not filed his motion in the district court. Accordingly, we have no jurisdiction to rule on its merits. Appellants motion is denied without prejudice to seek relief in the district court.

---

1. The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.