### UNITED STATES of America

v.

### Bentley A. McFARLANE.

No. 88–186–CR–T–17C.

United States District Court, M.D. Florida, Tampa Division.

March 31, 1995.

---

Gary Montilla, Tampa, FL, for the U.S.

Bentley McFarlane, Ashland, KY, pro se.

Richard L. Cox, for appeal purposes, Tampa, FL, for Bentley A. McFarlane.

## ORDER

KOVACHEVICH, District Judge.

The Eleventh Circuit Court of Appeals dismissed the defendant's direct appeal of the underlying conviction and sentence in the criminal case without reaching the merits because no timely notice of appeal had been filed and, because the court lacked jurisdiction. *United States v. McFarlane*, No. 89–3266 (unpublished opinion, 11th Cir. April 21, 1993).

On March 22, 1993, this Court denied defendant McFarlane's motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Case No. 93–178–CIV–T–17C). The defendant timely appealed this decision and filed his brief with the Eleventh Circuit Court of Appeals. In his brief, for the first time, defendant McFarlane alleged that he had instructed his counsel, Robert Alan Warner, to appeal his sentence and that he relied on his counsel's promise that an appeal would be filed. The record shows that defendant's counsel did not file a notice of appeal. No timely notice of appeal was filed nor was a brief submitted by defendant's counsel in conformity with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) to appeal the sentence. Defendant McFarlane did submit a Pro Se appeal which was untimely and, and the Eleventh Circuit ruled, without reaching the merits that it lacked jurisdiction to consider the matter.

In order to serve the best interests of justice in resolving the issue concerning the appeal, and to ascertain the veracity of defendant's allegations regarding his counsel's promise to appeal, this Court agreed with the United States' motion (Docket No. 230), filed pursuant to *United States v. Ellsworth*, 814 F.2d 613 (11th Cir. (1987), and issued an order on September 8, 1993 (Docket No. 231) certifying that remand for an evidentiary hearing was warranted in the case. On March 29, 1994, the Eleventh Circuit Court of Appeals granted the government's motion and issued a limited remand for this Court to hold an evidentiary hearing on the defendant's ineffective counsel claim. The record was received in the District Court for review by court and counsel on November 9, 1994. The United States and Defendant/Counsel were noticed on December 23, 1994, that an evidentiary hearing would be held at 10:00 A.M. on Friday, February 3, 1995. At the conclusion of the evidentiary hearing, counsel were directed by the Court to submit briefs in writing.[1]

## ISSUE

Whether the defendant knowingly and voluntarily relinquished his appeal rights or

---

1. The Court directed the defendant's counsel to file a written motion to secure an expert (requested orally during the evidentiary hearing) within ten (10) days and asked for the government to respond five (5) days, thereafter. Final briefs summarizing the position of each were to be submitted; for the defendant by March 5, 1995, and for the government by March 10, 1995. Upon motion, the government was granted an extension to file a response until March 27, 1995.

whether his counsel's performance was deficient by failing to perfect an appeal for defendant.

## DISCUSSION

In *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984), the Court stated that ineffective assistance of counsel claims fall into two categories. The first category involves claims that the government violated the defendant's right to effective assistance of counsel by impermissibly interfering with counsel's ability to make independent decisions about how to conduct the defense. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063–64. In the second category are claims that the defendant was deprived of his right to the effective assistance of counsel because his counsel, whether retained or appointed, simply failed to provide adequate legal assistance. Claims in the second category are called "actual ineffectiveness claims." *Id.* This is the only type of ineffectiveness claim which McFarlane raises before this Court.

■ The Supreme Court established a two-pronged test for evaluating "actual ineffectiveness" claims. Under the first prong, a reviewing court must determine whether counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Under the second prong, the court must determine whether counsel's performance, if deficient, prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In order to sustain an "actual ineffectiveness" claim, the defendant must prevail on both the performance and prejudice prongs.

■ Under *Strickland* guidelines for reviewing performance, the convicted defendant must identify the specific acts or omissions he alleges were not the result of reasonable professional judgment on the part of his counsel. The court then must decide whether, in light of all of the circumstances facing trial counsel, his conduct fell within the wide range of professionally competent assistance expected of an attorney. *Id.* at 690, 104 S.Ct. at 2066. Counsel "is strongly presumed to have rendered adequate assis-

tance and to have made all significant decisions in the exercise of reasonable professional judgment." *Id.* Therefore, McFarlane bears the burden of showing, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance was prejudicial.

■ The Sixth Amendment guarantees a criminal defendant the right to effective, not errorless, counsel. *Young v. Zant*, 677 F.2d 792, 798 (11th Cir.1982); *Mylar v. Alabama*, 671 F.2d 1299, 1300 (11th Cir.1982). It does, however, require that counsel's conduct fall within the range of competency, generally demanded of attorneys in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); accord, *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir.1981).

■ In order to apply the "Strickland Standard" the Court must inquire into the actual performance of defense counsel and determine whether representation was reasonably effective based on the totality of the circumstances in the entire record. *Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir.1982); *Goodwin v. Balkcom*, 684 F.2d 794, 804 (11th Cir.1982) *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983).

■ Every person has an absolute right to an appeal from a trial court conviction, and a criminal defendant's right to counsel extends through the period for taking an appeal. *Atilus v. United States*, 406 F.2d 694, 697 (5th Cir.1969); *Bray v. United States*, 370 F.2d 44 (5th Cir.1966). Generally, courts have held the inexcusable failure of counsel to perfect an appeal constitutes ineffective assistance. *Chapman v. United States*, 469 F.2d 634 (5th Cir.1972). As counsel for the defendant correctly points out, courts have found that the failure of trial counsel to appeal denies defendant the absolute right to appeal a jury conviction and, therefore, deprives him of his right to effective assistance of counsel. *Lucey v. Kavanaugh*, 724 F.2d 560 (6th Cir.1984); *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

■ A guilty plea, however, is a very different matter. By offering a guilty plea, the defendant admits all of the elements of a

formal criminal charge, and waives all non-jurisdictional defects in the proceeding. *United States v. Jackson,* 659 F.2d 73 (5th Cir.1981). In this case, Defendant McFarlane entered a plea of guilty before this court and now argues that his retained counsel was ineffective because he failed to appeal the sentence which was then imposed. This is the precise issue raised by the defendant in *Barrientos v. United States,* 668 F.2d 838 (5th Cir.1982).

In *Barrientos,* the court considered whether the failure of petitioners counsel to perfect an appeal from a guilty plea constituted ineffective assistance of counsel and concluded that absent a jurisdictional defect, a defendant usually has no right to appeal from a plea of guilty. Similarly, Defendant McFarlane pled guilty to the charges of the indictment and a Rule 11 Fed.R.Cr.P., rearraignment proceeding was appropriately conducted. Under the circumstances, defendant McFarlane did not have an automatic right to appeal the sentence after entry of a knowing and voluntary guilty plea.

■ The record reflects that defendant McFarlane was represented by retained counsel, Mr. Robert Alan Warner, who did not file an appeal in his behalf.[2] Counsel's failure to file an appeal following an entry of a guilty plea is not evidence "per se" of deficient representation. Following the entry of a knowing and voluntary plea of guilty, counsel may reasonably conclude that there is no basis for filing an appeal.

In *Rhodes v. Estelle,* 582 F.2d 972 (5th Cir.1978), the court stated that when a defendant desires to enter a guilty plea the only required duty of counsel is to ascertain whether the plea is voluntarily and knowingly made. Accord; *Lamb v. Beto,* 423 F.2d 85, 87 (5th Cir.1970), *cert. den.* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84. Therefore, if attorney Warner ascertained that his client McFarlane voluntarily and knowingly entered the plea of guilty, he fulfilled his required duty.

■ Normally, Mr. Warner would have appeared before the court to provide testimony at the evidentiary hearing relative to his role in representing this defendant. Regrettably, the defendant introduced a death certificate (Exhibit # 1) at the hearing reflecting that attorney, Robert Alan Warner, died on April 18, 1991 (T–Pg. 37, L 12–22).[3] Due to the unavailability of counsel's testimony, the Court must rely on transcripts, the contents of the court file and available testimony.

Following a review of the transcript relating to the rearraignment proceeding, the Court takes note that defendant McFarlane was placed under oath and advised that the purpose of the inquiry was to determine the voluntary nature of his plea. The Court did establish, through sworn testimony, that the defendant was pleading guilty to each count of the indictment; that he could read, write and understand the English language; that he knew what he was doing and was not under the influence of drugs, alcohol, medication or mental infirmity; that he had not been threatened to cause him to plead guilty or promised anything in return for pleading guilty; and, that the defendant understood that by pleading guilty he was giving up his right to a jury trial, to hear and have his lawyer cross examine the witnesses against him to present his own witnesses, to testify on his own behalf or to decline to do so.

Absent objection, the Court read the following excerpt from the transcript of the rearraignment proceeding held on September 21, 1988 into the record of the evidentiary proceeding:

**Court:**

Before I can accept your plea, I'm going to have to ask you some questions under oath ... I've just placed you under oath to see if you are making this plea freely and voluntarily without threats, force, or promise. If I ask you any questions you do not understand, I will want you to stop me and I'll explain it to you. You have a right to

---

2. McFarlane is now represented by counsel appointed through the provisions of the Criminal Justice Act (hereinafter CJA).

3. Key for references to transcripts: PT—Transcript of Rearraignment proceeding held September 21, 1988, Pg.—page of document, L—line number in document, T—Transcript of evidentiary hearing held February 3, 1995.

persist in your not guilty plea, and nothing you say can be used against you except if you lie to me, make a false statement, do not tell me the truth, you may be charged with the crime of perjury. (PT–Pg. 3, L 6; T–Pg. 53, L 18–25; Pg. 54, L 1–15).

Defendant McFarlane acknowledged that he remembered the recitation of these words and confirmed that he had testified at the re-arraignment that he fully understood what the court had communicated (T–Pg. 54, L 10–14).

During the next portion of the transcript recording the plea offer, the Court made inquiry of Mr. McFarlane to determine if he was aware of the possible maximum sentence which he could receive. Although Mr. McFarlane now claims that he was without such knowledge, he testified under oath before this Court that he did have such knowledge (PT–Pg. 9, L 3; T–Pg. 55, L 2–3). The possible sentences communicated by the court to defendant McFarlane are as follows:

### Count I

Ten years to life, four million dollars fine, fifty dollars special assessment.

### Count II

Ten years to life, four million dollars fine, five years supervised release (PT–Pg. 9, L 4–10; T–Pg. 55, L 3–7).

Defendant McFarlane affirmatively communicated that he understood (PT–Pg. 9, L 8, T–Pg. 55, L 8) and the Court advised defendant McFarlane that all time to be served could be consecutive meaning twenty (20) years in prison (PT–Pg. 9, L 9–10, T–Pg. 55, L 8–9).

### Count III

The Court told defendant McFarlane that the sentence would include a mandatory five year consecutive charge in addition to the other charges.

The Court also informed the defendant that he might face a minimum mandatory sentence of twenty-five (25) years up to life, life plus five, an eight million dollar fine, and a hundred fifty dollar special assessment ($50.00 per count) (PT–Pg. 9, L 14; T–Pg. 55, L 14–20). After enumerating the potential penalties facing defendant McFarlane, the Court asked if he understood, and again, the defendant responded affirmatively (PT–Pg. 9, L 23; T–Pg. 55, L 21).

Next, the Court inquired into the quality of Mr. Warner's representation at the change of plea proceeding and the relevant transcript of the September 1988 proceeding reveals that three (3) questions were posed to the defendant. The Court asked defendant McFarlane if his attorney had "talked about the sentencing commission guidelines and how they might effect him" (PT–Pg. 9, L 23–25, PT–Pg. 10, L 1; T–Pg. 55 L 22–23), if his attorney, Mr. Warner had "fully and completely discussed the case with him" (PT–Pg. 13, L 12–13; T–Pg. 56, L 17–18) and if his attorney had advised defendant of his "constitutional rights and possible defenses." (PT–Pg. 13, L 15–16; T–Pg. 56, L 19–20). Defendant McFarlane gave affirmative responses to all three questions (PT–Pg. 10, L 2; T–Pg. 55, L 24), (PT–Pg. 13, L 14; T–Pg. 56, L 19), (PT–Pg. 13, L 17; T–Pg. 56, L 21).

When the Court specifically asked the defendant if he "was satisfied with Mr. Warner's representation" (PT–Pg. 13, L 18–19; T–Pg. 56, L 22), defendant's answer was "yes" (PT–Pg. 13, L 20; T–Pg. 56, L 23). Proceeding forward to ensure that the defendant was well satisfied with counsel, the court inquired if defendant thought "he (Attorney Warner) knows what he's (Warner) doing?" (PT–Pg. 13, L 21; T–Pg. 56 L 24), and the defendant responded "Yes." (PT–Pg. 13, L 21–22; T–Pg. 56, L 24–25).

It is significant to note, aptly pointed out by the government, and acknowledged by defendant McFarlane that these responses were provided to the Court AFTER the defendant had been advised of the sentencing possibilities by the Court (T–Pg. 46, L 23–25); possibilities which defendant McFarlane contends counsel never discussed with him, and which were in dramatic conflict with the five year sentence he claims he had expected to receive (T–Pg. 39, L 18; T–Pg. 40, L 40–49). According to the defendant, he was surprised when he heard the parameters of his potential sentence at the rearraignment (T–Pg. 41, L 3–6).

If attorney Warner had failed to discuss the potential sentence with the defendant, or blatantly misrepresented to defendant McFarlane that he could expect a five (5) year sentence as the defendant now contends, the Court cannot fathom why the defendant did not bring the matter to the Court's attention or voice a relevant complaint at the rearraignment. The record reflects that the Court provided defendant McFarlane with an opportunity to say anything else he desired about the plea or the charges (PT–Pg. 13, L 23–25, PT–Pg. 14, L 1); T–Pg. 56, L 25), but the defendant declined (PT–Pg. 14, L 2; T–Pg. 57, L 4). As an officer of the Court, Mr. Warner was asked if he believed that his client (defendant McFarlane) clearly understood what he was doing, and if he (attorney Warner) agreed with Mr. McFarlane's proposed course of action. The record reflects that attorney Warner answered affirmatively (PT–Pg. 14, L 6–7, 9; T–Pg. 57, L 5–8).

At the evidentiary hearing, defendant McFarlane concedes that he heard all of the questions referenced above when posed to both himself and to his attorney (Warner) regarding discussions which they had about the case (T–Pg. 57, L 11–14). However, when asked by the Court why he did not communicate displeasure with his attorney at that time, or complain about the limited time he now alleges the attorney spent meeting with him throughout the representation, defendant's response is that he was "confused at the time." (T–Pg. 57, L 15–18).

The Court has studied the original pleadings, reviewed the entire record in this case and has had sufficient opportunity to observe defendant McFarlane's demeanor while testifying before the Court. The testimony which defendant now purports to offer that he "was confused" when he entered his plea of guilty is unconvincing. The record reflects that defendant McFarlane has a high school education and, in fact, has testified during this hearing that he is interested in pursuing college level studies (T–Pg. 52, L 4). The Court finds that the defendant has demonstrated an awareness of the legal rights and remedies available to persons charged with or convicted of a crime.

The defendant reaffirmed in testimony given during the evidentiary hearing that he was truthful when he answered the Court's questions at the rearraignment (T–Pg. 45, L 15–21) and that he understood the court's questions (T–Pg. 45, L 22–25). The record indicates that defendant McFarlane testified under oath at the rearraignment proceeding that he was offering the guilty plea voluntarily, that his counsel fully and completely discussed the case with him, including his constitutional rights and possible defenses (T–Pg. 46, L 7–18). The defendant asserts he was telling the truth when he stated at the rearraignment that he was satisfied with the representation provided to him by attorney Warner (T–Pg. 46, L 19–22). Having so testified, petitioner may not now assert a contention directly contradicted by his own testimony, without raising questions about his veracity.

The defendant claims that he requested his attorney to file an appeal on his behalf and that his attorney deliberately failed to do so. The remedy available to the petitioner, should this court determine that counsel was ineffective in not appealing the case, would be for this court to request that the Eleventh Circuit Court of Appeals grant the defendant leave to file an out of time appeal.

Since attorney Warner is now deceased, it is particularly incumbent that the Court conduct a thorough examination of the entire record in order to properly resolve this issue. In his appearance before this court at the evidentiary hearing, defendant McFarlane asserts that he requested his attorney to appeal the sentence after an additional thirty-one (31) months was added, requiring him to serve two hundred eleven (211) months (T–Pg. 34, L 25, T–Pg. 35 L 1–7). According to the defendant, he asked attorney Warner to file this appeal in a meeting held in the U.S. Marshals' holding cell after his sentencing. The defendant testified that no one else was present at the time, and that the only other person who can corroborate his testimony is attorney Warner, who is now deceased. (T–Pg. 49, L 11–25).

Following a review of the three (3) volume court file in this case, the Court finds that defendant McFarlane has never previously

asserted that his attorney ignored a specific request to file an appeal in the defendant's Request for Assignment of Counsel, Request for Transcript and Application to Proceed Informa Pauperis dated February 27, 1989 (Doc. # 115), in correspondence directed to the Court on April 18, 1989 (Doc. # 126), or on April 28, 1989 (Doc. # 128).

On June 15, 1989, defendant McFarlane filed a Motion Under 28 U.S.C. § 2225 to vacate, set aside, or correct sentence by Person in Federal Custody (AO form # 243), (Doc. # 132) and in his response to question number eleven (11)(a)(3), listing grounds raised, he stated, "denied because my lawyer failed to put in a timely notice of appeal" and in answering part (d)—"If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:", defendant McFarlane responded "My attorney did not inform me of my rights to an appeal." Defendant properly signed and dated this form on June 8, 1989 following the statement: "I declare under penalty of perjury that the foregoing is true and correct."

Assuming that defendant McFarlane was truthful in completing the aforementioned form, his attorney never discussed the issue of appeal with him. Obviously, if no discussion regarding an appeal occurred, as stated on the referenced form, then the defendant could not have instructed attorney Warner to file an appeal. Defendant McFarlane's current testimony directly conflicts with his previous sworn statement. On January 29, 1993, defendant McFarlane filed another § 2255 motion and in that form he also failed to assert that his attorney had disregarded his request to file an appeal.

In several cases, courts have failed to find that a prisoner sustained the burden of proof on a claim of ineffective counsel raised in connection with a guilty plea when the prisoner could only offer his uncorroborated testimony as to actions of his attorney and the attorney was deceased. *Rhodes v. Estelle,* 582 F.2d 972 (5th Cir.1978), *Woodard v. Beto,* 447 F.2d 103 (5th Cir.1970), *cert. den.,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275, *Packnett v. United States,* 435 F.2d 693 (5th Cir. 1970). We agree.

The defendant has testified under oath that he was satisfied with counsel's performance and has not provided corroborating evidence to establish that he requested an appeal to be filed as he now asserts. In *Strickland,* the court noted "[a] petitioner who seeks to overturn his conviction on grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence." *Washington v. Strickland,* 693 F.2d 1243, 1250 (5th Cir.1982). The impropriety pleaded as to the failure of attorney Warner to file an appeal is so basic that it strains credulity to believe that the defendant did not know immediately that his request had not been acted upon or that he could not have gained the knowledge by the exercise of reasonable diligence; allowing him to raise this issue at an earlier date and certainly prior to attorney Warner's death some three years following the sentencing date. This Court finds the guilty plea offered to have been knowing and voluntary. As such, attorney Warner fulfilled his obligations.

In remanding this case to the District Court for review, the Eleventh Circuit Court of Appeals asked this court to make a finding relative to counsel Warner's performance in not filing of an appeal in behalf of defendant McFarlane. In order to determine whether the attorney's performance was deficient in not filing the appeal, the Court reviewed the attorney's performance in light of the totality of the circumstances that he was facing at that time. To assist the Court in evaluating the credibility of defendant McFarlane's current testimony, records of the re-arraignment, sentencing proceedings, and court file were thoroughly reviewed.

The appropriate methodology for determining whether there has been effective assistance of counsel is to examine the totality of circumstances in the entire record, *United States v. Phillips,* 664 F.2d 971, 1040 (5th Cir.1981). Based on the foregoing, this Court is unable to find that defendant McFarlane has offered sufficient evidence to overcome the presumption that attorney Warner acted competently. The records and file in this case contradict McFarlane's claim of ineffective assistance of counsel. At vari-

ous hearings, rearraignment, sentencing, and evidentiary hearing on remand, this Court has observed the defendant in direct and cross examination. ·

 This Court also had the opportunity to observe the quality of counsel's representation of the defendant. Mere assertions or conclusory allegations of ineffective assistance of counsel without factual support are insufficient to sustain an effective assistance claim. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir.1992). Defendant has failed to present credible evidence to show that trial counsel failed to render effective assistance. *Marone v. United States,* 10 F.3d 65 (2nd Cir.1993). McFarlane has not demonstrated that counsel's performance was constitutionally deficient, as required under the first prong of the "Strickland Test". Since a defendant must prevail on both the performance and prejudice prongs in order to sustain a claim for "actual ineffectiveness", and defendant McFarlane has not done so in the first prong, the Court does not need to go further.

An ancillary issue was raised before the Court by defendant McFarlane during the evidentiary hearing and is referenced in the subsequent memorandum which was filed (Doc. # 277). In the proceeding, and in this memorandum, defendant McFarlane asserts that a sentencing error was made in the case. At sentencing, the Court was led to believe that a minimum mandatory penalty applied to the conspiracy charges contained in Count I for a violation of 21 U.S.C. § 846. Under applicable law at the time, however, no minimum term of imprisonment applied to defendants who were convicted of conspiracy to possess with intent to distribute controlled substances. *United States v. Rush,* 874 F.2d 1513 (11th Cir.1989). The United States did not discuss this issue in their response (Doc. # 284) but did acknowledge during the evidentiary hearing that such a sentencing error did, in fact, occur in sentencing defendant McFarlane (T–Pg. 5, L 4).

## FINDINGS

### I. Counsel's performance was not ineffective.

 Offering a plea of guilty does not vest a defendant with a right to an automatic appeal; defendant McFarlane offered a plea of guilty and is not automatically entitled to an appeal. Counsel is afforded a strong presumption of effective performance and defendant's testimony and pleadings in the court file do not overcome the presumption that the attorney Warner acted competently. Defendant's uncorroborated testimony, at this late date, alleging that he requested an appeal to be filed, without more, is insufficient. In the absence of credible evidence to support defendant's contention that he instructed counsel to file a notice of appeal or to pursue an appeal, this Court finds that defendant made a knowing and voluntary waiver of his right to appeal, and counsel rendered effective assistance.

### II. Defendant is entitled to re-sentencing.

 The defendant pled guilty to all counts in the indictment with Count One charging him with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), Count Two charging possession with intent to distribute 50 grams or more of crack cocaine, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and Title 18 U.S.C. § 2, and Count Three of the indictment charging the defendant with possession of a firearm during the commission of a drug offense, in violation of Title 18, U.S.C. § 924(c)(1) and § 2.

The defendant was sentenced to a total of 211 months imprisonment, with five (5) year supervised release. The Court imposed sentences of 151 months as to Count One and 151 months as to Count Two, to be served concurrently, and 60 months as to Count Three, to run consecutive to the sentences on Count One and Two.

Defendant McFarlane is entitled to re-sentencing based on an error acknowledged by the government during the evidentiary hearing. At the time the defendant was sentenced, the prevailing view in the Middle District of Florida was that there was a ten (10) year minimum sentence for violating 21 U.S.C. § 846 when the substantive offense

was conspiracy to possess with intent to distribute a controlled substances, in violation of 21 U.S.C. § 841. Bentley McFarlane should be resentenced in light of *United States v. Rush*, 874 F.2d 1513 (11th Cir.1989) in which the Eleventh Circuit held that the minimum mandatory sentence provisions of 21 U.S.C. § 960 do not apply to a conspiracy conviction. The Court would recommend that the appellate court remand this cause of action for resentencing pursuant to this order, for correction in regard to the minimum mandatory issue.

Accordingly, it is

**ORDERED** that the defendant's claim of ineffective assistance of counsel be **denied** and this case returned to the appellate court for further proceedings.

**DONE AND ORDERED.**