[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11580
Non-Argument Calendar

_____

D. C. Docket No. 95-00605-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MOREJON,
a.k.a. J,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Jesus Morejon appeals the district court's judgment denying his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706.

At Morejon's § 3582 proceeding, the district court found that he had been held responsible at his original sentencing for more than 4.5 kilograms of crack cocaine. Therefore, the court reasoned that Amendment 706 did not reduce Morejon's offense level and that it had no authority to reduce Morejon's sentence under § 3582. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) ("[A] base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more").

Morejon contends that the district court clearly erred. Morejon points out that the original sentencing court found him accountable for only 2 kilograms of crack cocaine. He argues that the law of the case doctrine dictates that in his § 3582 proceedings the court must use that same 2-kilogram amount to determine his eligibility for a sentence reduction.

While this appeal was pending, Morejon also filed an Ellsworth motion in the district court. See United States v. Ellsworth, 814 F.2d 613 (11th Cir. 1987). The Ellsworth motion asked the district court to reconsider its drug quantity finding and certify to us that if given the chance, it intended to grant him a sentence reduction under § 3582.

The district court denied the Ellsworth motion. The court first conceded that

2

it had erred in attributing more than 4.5 kilograms of crack to Morejon, and admitted that it should have followed the law of the case, which dictated that he was responsible for 2 kilograms. Accordingly, the district court acknowledged that Morejon was eligible for a sentence reduction under § 3582. However, it refused to certify its intent to grant such a reduction because Morejon had behaved badly while in prison. In sum, the district court admitted that Morejon was eligible for a reduction but also stated that it would not, in the use of its discretion, grant him one.

In light of all of this, we VACATE the district court's judgment that Morejon is not eligible for a § 3582 sentence reduction. We REMAND the case to the district court so that it may exercise its discretion to formally decide whether Morejon actually merits a reduction. See 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements . . .") (emphasis added). Should the district court deny Morejon a reduction, as it has indicated that it will, this procedure will allow him to appeal that new judgment to us. We do not mean to imply that it would be an abuse of discretion for the district court to deny Morejon a sentence reduction on the grounds stated in its order denying his Ellsworth

motion.

**VACATED AND REMANDED.**