[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15541
Non-Argument Calendar

_____

D. C. Docket No. 99-06153-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO BERNAL-MADRIGAL,
a.k.a. Tony,
a.k.a. Juvenal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Alejandro Bernal-Madrigal appeals the district court's denial of his *pro se* motion to compel the Government to abide by the terms of a written plea agreement and oral promises. He asserts several issues on appeal, which we address in turn. After review, we affirm the district court.

## I. BACKGROUND

In 2003, Bernal-Madrigal pled guilty, pursuant to a written plea agreement, to one count of engaging in a continuing criminal enterprise, involving importation of over 9,000 kilograms of cocaine into the country, in violation of 21 U.S.C. § 848(a) and (c). The written plea agreement stated, among other things, that "if the defendant is prosecuted and convicted on charges initiated by Mexican authorities, it will recommend to Mexican authorities that his sentence run concurrently with his sentence in this case." Further, the agreement stated:

> [I]f the defendant requests, and in the judgment of the United States the request is reasonable, the United States will make application with the Immigration and Naturalization Service ("INS") for an "S" visa on behalf of the defendant. It is understood the United States has authority only to apply for and recommend an "S" visa, and that the final decision to issue the visa rests with the INS.

It also contained an integration clause, stating the written plea agreement "is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings."

2

In April 2008, Bernal-Madrigal filed the present *pro se* motion to compel the Government to cure their breach of the plea agreement. First, he asserted the Government orally promised to secure the return of his property in Colombia, which was seized by the Colombian government. Second, he contended the Government promised, in writing, to secure an S-visa for him, and orally agreed to include his wife, and to get documents for other members of his family securing permanent legal residence in the United States. Finally, he asserted the Government orally promised another sentence reduction[1] which would result in his being released in December 2005.

The magistrate judge issued a report and recommendation (R&R) on July 3, 2008, that the motion be denied for lack of jurisdiction because, absent unconstitutional motives, the Government's refusal to file a Rule 35 motion is not reviewable. The magistrate judge did not directly address the alleged promise to seek the return of Bernal-Madrigal's Colombian property. The magistrate judge also found the unambiguous terms of the agreement showed there was no promise to file for an "S" visa for his family members or a downward departure motion.

---

[1] Bernal-Madrigal had already received two sentence reductions. He received a reduction from the minimum Guidelines range at his original sentencing in 2003, and received an additional reduction when the district court granted the Government's Fed. R. Crim. P. 35 motion for reduction in sentence in 2005.

Because Bernal-Madrigal did not immediately object, on July 21, 2008, the district court adopted the R&R of the magistrate judge, but it vacated the order when it became apparent that Bernal-Madrigal never received either the Government's response to the motion or the R&R. The court gave Bernal-Madrigal until August 29, 2008, to file objections.

Bernal-Madrigal filed a list of objections with a signed certificate of service on August 29, 2008, but the objections were not filed by the district court until September 2. His objections included arguing the district court had jurisdiction to consider his arguments regarding the violations of the plea bargain. He also asserted the magistrate judge erred by not construing the following oral agreements to be part of the plea bargain: (1) an agreement to get the Colombian government to return his property and (2) an agreement to convince the Mexican government to drop charges against him–the latter raised for the first time. Further, he argued the magistrate judge clearly erred by ignoring his claim the Government had to file for his S-visa on his behalf. Finally, he argued the magistrate judge failed to conduct an evidentiary hearing. He did not address the sentence reduction.

Notwithstanding the fact objections were filed, the district court issued a ruling adopting the R&R on September 16, 2008, stating that no objections were

4

filed. On September 19, 2008, Bernal-Madrigal filed a notice of appeal in this Court.

Three days later, on September 22, Bernal-Madrigal filed a self-styled "Rule 59(e) motion" in the district court to alter, amend, or correct the adoption of the R&R. The district court ruled that because he had already filed a notice of appeal with this Court, his Rule 59(e) motion was moot and it lacked jurisdiction. Bernal-Madrigal did not appeal this decision, but on October 7, 2008, he filed a motion asking the district court to certify that it would be inclined to grant his "Rule 59(e)" motion and vacate its order denying the motion to compel, so the district court could consider *de novo* the objections to the R&R. The Government filed a motion essentially agreeing with Bernal-Madrigal, and suggesting the district court should issue a supplemental order clarifying the grounds on which it denied the motion to compel.

On November 21, 2008, the district court ordered the Government to report on the status of applying for an S-visa on Bernal-Madrigal's behalf. The Government responded, stating it had not yet filed an application because Bernal-Madrigal was still in prison. The Government explained that in two previous cases, the Drug Enforcement Agency (DEA) filed a Request for Deferred Action for Deportation with Immigration and Customs Enforcement (ICE) shortly before a

5

prisoner was scheduled for release, which would delay removal for one year and allow officials to file the S-visa application during this time period.

On December 23, 2008, the district court denied the motion for certification, on the grounds that it recognized its error in failing to consider the objections. It stated that by issuing the show cause order to the Government regarding the S-visa, it cured that defect. It stated it was satisfied with the Government's response, and since Bernal-Madrigal was not scheduled for release until April 17, 2009, the Government still had an opportunity to comply. The court stated that in all other respects, it found the objections meritless.

## II. ANALYSIS

### A. *Failure to consider objections*

Bernal-Madrigal first asserts the district court erred in failing to consider his objections to the magistrate judge's R&R. He contends the district court erred by treating his objections to the July 2008 magistrate's R&R as untimely. Bernal-Madrigal asserts he filed the objections on August 29, within the time limit ordered by the court, and the court incorrectly docketed them as being filed on September 2.

The Government concedes that the objections should have been considered timely. The Government asserts, however, that although the district court had no

jurisdiction to consider the Rule 59(e) motion, the district court was able to conduct a *de novo* review of Bernal-Madrigal's objections in his request for certification pursuant to the procedure discussed in *United States v. Ellsworth*, 814 F.2d 613, 614 (11th Cir. 1987). Therefore, it argues there is no need to remand the case for *de novo* review of Bernal-Madrigal's objections when the district court has already done so. *See In re Holywell Corp.*, 967 F.2d 568, 571 (11th Cir. 1992) (stating objections to a magistrate judge's findings are reviewed by the district court *de novo*).

After the filing of an appeal, a defendant who files a motion with the Court of Appeals which should have been filed with the district court must file that motion with the district court. *Ellsworth*, 814 F.2d at 614. The district court may then: (1) deny the motion on the merits, or (2) certify the motion should be granted, which will permit this Court to consider remanding the case for further proceedings. *Id.*

In denying the motion for certification, the district court explained that, to help the matter on appeal, it issued a Show Cause Order to the Government regarding the S-visa. On review, it found the Government had not failed to comply with its promise, since it did not need to begin the process until April 17, 2009, at the earliest. Accordingly, the district court concluded remanding the case would be

unnecessary in light of this determination. *See id.* The district court also stated

Bernal-Madrigal's other objections were without merit. Thus, any procedural error

that may have been committed by the district court originally was rendered

harmless, given that the district court later considered the objections and found

them meritless.[2]

## B. Violation of terms of 2003 plea agreement

Bernal-Madrigal also contends that the Government violated the written

terms of the 2003 plea agreement by failing to file an S-visa application on his

behalf with federal immigration authorities and because it did not resolve all

pending drug charges against him in Mexico.

A determination of whether the government violated a plea agreement is

reviewed *de novo*. *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir.

2008), *cert. denied*, 129 S. Ct. 2034 (2009). "Whether the government violated the

agreement is judged according to the defendant's reasonable understanding at the

time he entered the plea." *Id.* (quotations omitted).

Contrary to Bernal-Madrigal's argument, the 2003 plea agreement did not

state that the Government would resolve any charges against Bernal-Madrigal in

---

[2] Bernal-Madrigal's argument that he was denied an opportunity to respond to the Show Cause Order is waived because he did not raise it until his reply brief. *See United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006).

8

Mexico, but only that, upon his conviction there, it would request that any sentence imposed be served concurrently with his sentence here. The language is not an agreement to "resolve all charges" in Mexico. Thus, Bernal-Madrigal cannot show the Government violated the plea agreement in this respect.

Additionally, the district court did not err in denying the motion to compel the Government regarding the S-visa. The Government outlined its usual policy and stated the DEA typically does not begin the process until an inmate is released, at which time it files a Request for Deferred Action for Deportation. As Bernal-Madrigal was not set for release until April 17, 2009, the issue was not yet ripe when considered by the district court.[3]

*C. Oral promises*

Finally, Bernal-Madrigal contends the Government made oral promises to provide visas and permanent resident documentation to his family and to persuade the Colombian government to return his seized property, and these promises should be binding on the Government.

"The government is bound by any material promises is makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United*

---

[3] On August 3, 2009, Bernal-Madrigal filed a letter with the district court, apparently conceding the S-visa application has since been prepared and submitted to ICE on his behalf. (CM/ECF, Doc. 2024).

*States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). In *United States v. Al-Arian*, 514 F.3d 1184, 1193 (11th Cir.), *cert. denied*, 129 S. Ct. 288 (2008), this Court held the inclusion of an integration clause in a written plea agreement made a claim the defendant could not be compelled to testify in future cases "especially dubious" where the written plea agreement was silent as to that provision. While parol language is admissible, it is only to the extent that the written agreement is ambiguous or government overreaching is alleged. *Id.* at 1191.

The district court did not err in concluding any oral promises were not part of the plea agreement. The written plea agreement contained an integration clause, limiting it to the written terms only. At the plea hearing, Bernal-Madrigal agreed the plea agreement represented, in its entirety, his understanding with the government, and that no one made any different promises to induce his entry of the guilty plea. Thus, any oral promises that might have been made up to that point could not reasonably have been understood to be part of the plea.

Bernal-Madrigal alleged in his motion to compel before the district court that the oral promises occurred "subsequent to" the written plea agreement. However, because a plea agreement only consists of those material promises which induce the defendant to plead guilty, these cannot be considered part of the agreement either. It is axiomatic that a promise made after a person pleads guilty

10

cannot have been relied on in making that decision. Therefore, according to objective criteria, Bernal-Madrigal cannot establish that any promises made by the Government outside of the written plea agreement were reasonably understood by him to constitute part of the plea agreement, or that he relied on any such promises to plead guilty.

## III. CONCLUSION

Any error by the district court in failing to consider Bernal-Madrigal's objections to the R&R was rendered harmless given that the district court later considered the objections. Additionally, Bernal-Madrigal failed to show the Government violated his written plea agreement or that any oral promises outside the plea agreement induced him to plead guilty. Accordingly, we affirm.

**AFFIRMED.**